O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GERALD CAIN, II, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. C-04-364 |
| § | |
| TDCJ-CID, ET AL, § | |
| § | |
| Defendants. § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Pending is plaintiff's motion to amend his original complaint (D.E. 37). Defendants filed their response on February 22, 2005 (D.E. 41) For the reasons stated herein, plaintiff's motion is denied.

**I.     Background**

Plaintiff filed suit on July 9, 2004, against the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), alleging that the TDCJ-CID was deliberately indifferent to plaintiff's serious medical needs because it allows inmates who are infected with AIDS or Hepatitis C to be housed with inmates who are not infected, and allows infected inmates to work in the chow hall and handle food (D.E. 1). On July 29, 2004, plaintiff amended his complaint to name as the proper defendant Doug Dretke, individually, and in his capacity as executive director of the TDCJ-CID (D.E. 6).

On January 27, 2005, plaintiff filed a motion for leave to file his first amended complaint to add as an additional defendant, Captain Smith, head of McConnell Unit food

services, alleging that Smith failed to implement any policies regarding inmates with infectious diseases handling food (D.E. 26). On February 10, 2005, plaintiff's motion to amend was granted (D.E. 30), and service was ordered on defendant Smith (D.E. 31).

On February 22, 2005, plaintiff filed the instant motion to amend complaint, seeking to add six additional defendants (D.E. 37). These defendants were originally named in a separate lawsuit filed by plaintiff on November 5, 2004, C.A. No. C-04-550, styled <u>Gerald Cain, II v. Douglas Dretke</u>, in which plaintiff alleged that the McConnell Unit food service department was deliberately indifferent to plaintiff's health and safety because there was human waste in the food processing areas (the "human waste" case). The human waste case was dismissed on February 7, 2004, for failure to exhaust. <u>See</u> C.A. No. C-04-550 at DE #10, #11.

**II.     Discussion**

Rule 15(a), Fed. R. Civ. P., mandates that leave to amend "be freely given when justice so requires." Determining when justice requires permission to amend rests within the discretion of the trial court. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330 (1971); <u>Nilsen v. City of Moss Point, Miss.</u>, 621 F.2d 117, 122 (5th Cir. 1980). In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by virtue of allowing the amendment. <u>Daves v. Payless Cashways, Inc.</u>, 661 F.2d 1022, 1024 (5th Cir. 1981).

On February 2, 2005, defendant Dretke filed a motion for summary judgment (D.E. 27). Plaintiff has filed a response in opposition (D.E. 32). Captain Smith has been served and has filed an answer (D.E. 46). To allow plaintiff to amend his complaint to add the additional

six defendants would cause unnecessary delay in this case. Moreover, the fact that plaintiff originally filed suit against the six defendants in a separate case, but now seeks to join them herein, suggests that the claims are not related and that plaintiff is attempting to avoid a second filing fee. Plaintiff would suffer no prejudice if required to pursue his claims against the six additional defendant in a separate lawsuit, and defendant is prejudiced in having to defend this case piecemeal. Accordingly, plaintiff's motion for leave to file his second amended complaint (D.E. 37) is DENIED. Defendants' response (D.E. 41), insofar as it purports to be a separate motion, is also denied.

ORDERED this 10th day of May, 2005.

B. Janice Ellington
United States Magistrate Judge