UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GERALD CAIN, II § | |
| § | |
| v. § | C.A. NO. C-04-364 |
| § | |
| DOUG DRETKE, ET AL. § | |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT DRETKE'S MOTION FOR SUMMARY JUDGMENT

On June 3, 2005, the United States Magistrate Judge filed her Memorandum and Recommendation in this cause (D.E. 53). Objections were timely filed (D.E. 59). Having reviewed *de novo* the Memorandum and Recommendation and the pleadings on file, this Court adopts as its own the findings and conclusions of the Magistrate Judge.

The Magistrate Judge recommends that the Court grant defendant Dretke's Motion for Summary Judgment on the deliberate indifference claim concerning food preparation by infectious inmates at the McConnell Unit. Plaintiff's objections to the Memorandum and Recommendation are (1) that the Food Service policies do not apply to the food servers of in-cell fed prisoners and (2) that there is no policy which mandates the testing of food service employees for diseases that can be transmitted to food. Based on these objections, plaintiff argues that the Motion for Summary Judgment should be denied.

As to the first objection, the TDCJ-CID Food Service Department Policies and Procedures Manual includes a section on the service of food to in-cell fed offenders. It specifically provides that the "Food Service Manager III shall assure that the staff responsible for feeding offenders in-cell are trained on basic sanitation and proper food handling and service." D.E. 27, Ex. A, p. 185. Plaintiff's objection, that in-cell food service is not subject

to TDCJ policy, is a conclusory allegation that is refuted by the TDCJ manual. Summary judgment is appropriate where the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation. *Hockman v. Westward Communications, LLC*, 407 F.3d 317, 332 (5th Cir. 2004). Therefore, the Court finds that plaintiff's first objection is without merit.

Plaintiff's second objection is meritless as well. The manual provides that offenders "<u>shall not</u> be allowed to work in the unit Food Service Department if diagnosed with an illness that may be transmissible through food." D.E. 27, Ex. A, pp. 76, 142. Offenders are to inform supervisors of any information about their personal health that relates to diseases that may be transmissible through food. *Id.* TDCJ policy is clear on the issue that offenders with illnesses that may be transmissible through food shall not work in food services. Plaintiff has not raised an issue of material fact on his deliberate indifference claim through this second objection.

Accordingly, defendant Dretke's Motion for Summary Judgment (D.E. 27) is GRANTED.

ORDERED this 28th day of July, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE