**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **GERALD CAIN, II** | § | |
| **TDCJ-CID #675454** | § | |
| **V.** | § | **C.A. NO. C-04-364** |
| | § | |
| **TDCJ-CID, ET Al.** | § | |

## ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND ORDER SETTING DEADLINE FOR FILING RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pending is defendant Doug Dretke's and Captain Dawn Smith's Opposed Motion for Protective Order (D.E. 76), to which plaintiff has filed a response (D.E. 82). For the reasons stated herein, defendants' motion for protective order is denied, and defendants are required to answer plaintiff's propounded interrogatories and respond to plaintiff's request for production and request for admissions within twenty (20) days of the date of entry of this Order. In addition, defendants shall be available for depositions and depositions shall be completed within forty (40) days of the date of this Order. Plaintiff's response to the defendants' motion for summary judgment is due within sixty (60) days of the date of this order.

### I. Background

Plaintiff is prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID), and at all times relevant to this lawsuit, was incarcerated at the McConnell Unit in Beeville, Texas. Plaintiff alleges that Doug Dretke, individually, and in his capacity as director of the TDCJ-CID, and Captain Dawn Smith, head of the McConnell Unit

food services, violated his Eighth Amendment constitutional rights by subjecting him to housing and other living conditions that posed a substantial risk of serious harm to his health and safety. Specifically, plaintiff claims that by requiring him to share a cell with an HIV positive inmate and to be served food by inmates who are HIV positive or carry some other type of infectious disease, defendants have subjected him to a substantial risk of serious harm.

## II. Discovery Dispute

Defendants have filed a motion for summary judgment, and have raised the defense of qualified immunity. (D.E. 65). Plaintiff has sought certain discovery from defendants so that he can respond to the summary judgment motion, and has propounded seven interrogatories, seven requests for production, and seven requests for admissions. See D.E.76, Exs. A, B, and C. Specifically, the interrogatories ask the following:

(1) Identify any and all efforts utilized by TDCJ-CID to identify and assess the risks to inmates from HIV and AIDS;

(2) Identify any and all efforts utilized by TDCJ-CID to prevent the spread of HIV and AIDS amongst the inmates within the prison community;

(3) Identify all efforts to evaluate the effectiveness of efforts to reduce or prevent the spread of HIV and AIDS amongst inmates in the prison community;

(4) For the last ten (10) year period, identify the number of prisoners within the TDCJ-CID prison community infected with HIV or AIDS;

(5) For the last ten (10) year period, identify the number of inmates within the TDCJ-CID prison community who have died from AIDS;

(6) For the last ten (10) year period, identify the number of inmates within the TDCJ-CID prison community who have contracted HIV while in prison; and

(7) Please identify and describe the Safe Prisons Program and identify the individual in charge of the program.

The requests for production seek documentation in connection with the interrogatories. See D.E. 76, Ex. B. The requests for admissions inquire into the frequency of rapes and unprotected sexual activity among inmates, the use of needles to administer tatoos or inject illegal drugs, and the increase in HIV and AIDs in the prison community. See D.E. 76, Ex. C.

Defendants object to plaintiff's discovery (D.E. 76), arguing that they are shielded from all discovery except those matters narrowly tailored to address the issue of qualified immunity. Anderson v. Creighton, 483 U.S. 635, 646, n.6 (1987).

### III. Discussion

The doctrine of qualified immunity protects government officials performing discretionary functions from civil liability if their conduct violates no clearly established statutory or constitutional right of which a reasonable person would have known. Evans v. Ball, 168 F.3d 856, 860 (5th Cir. 1999); Sorenson v. Ferrie, 134 F.3d 325, 327 (5th Cir. 1998). Qualified immunity is an affirmative defense not only to liability, it also provides officials immunity from suit. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Matherne v. Wilson, 851 F.2d 752, 756 (5th Cir. 1988). Whether an official is entitled to qualified immunity depends upon whether he or his actions were objectively reasonable in light of then clearly established law. Anderson v. Creighton, 483 U.S. 635, 638-39 (1987); Bazan v. Hidalgo County, 246 F.3d 481, 488 (5th Cir. 2001). A defendant entitled to claim qualified immunity is shielded not only from liability but also from "the costs of trial [and] ... the burdens of broad-reaching discovery." Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982). The Fifth Circuit has specifically recognized an immune defendant's right to be free of the burdens of broad-reaching discovery. See Jacquez v.

Procunier, 801 F.2d 789, 791 (5th Cir. 1986).("[c]ourts have an obligation ... to carefully scrutinize a plaintiff's claim before subjecting public officials to broad-reaching discovery.").

In this case, plaintiff's complaint was initially screened under § 1915A, and various claims and defendants were dismissed. See D.E. 8, 33, 34. In addition, Defendant Dretke previously moved for summary judgment on plaintiff's claims against him concerning food service operations at the McConnell Unit (D.E. 27), and he was granted judgment in his favor on those claims. See D.E. 53, 64. To date, neither defendant has been subjected to broad-reaching or burdensome discovery.

Moreover, the discovery now propounded to defendants is narrowly tailored to the issue of qualified immunity. The discovery requests specifically focus on the potential risks associated with the HIV virus and AIDS in the prison community and the safeguards the prison officials have taken to reduce the risk of spreading the disease. In addition, the discovery requests address the defendants' knowledge regarding the risk of harm of which plaintiff complains, an inquiry essential to the qualified immunity analysis. Plaintiff complains that his housing and living conditions posed a risk to his health and safety, and that defendants were aware of this risk, and ignored it. The requested discovery addresses the very essence of plaintiff's claims.

## IV. Conclusion

Defendant's motion for a protective order (D.E. 76), is DENIED. Defendants are ordered to answer plaintiff's propounded interrogatories and respond to plaintiff's request for production and request for admissions within twenty (20) days of the date of entry of this Order. In addition, defendants shall be available for depositions and depositions shall be completed within forty (40) days of the date of this Order. Plaintiff's response to the defendants' motion for summary

4

judgment is due within ninety (60) days of the date of this order.  Absent good cause, extensions of these deadlines will not be granted.

ORDERED this 27th day of April 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE