UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERALD CAIN, II, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | C.A. NO. C-04-364 |
| § | | |
| TEXAS DEPARTMENT OF CRIMINAL § | | |
| JUSTICE—CORRECTIONAL § | | |
| INSTITUTIONS DIVISION DIRECTOR, § | | |
| et al., § | | |
|     Defendants. § | | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO RECONSIDER THE COURT'S ORDER DENYING
DEFENDANTS' MOTION TO DISMISS AND DISMISSING SUIT**

Pending before the Court is defendants' Motion to Reconsider the Court's Order Denying Defendants' Motion to Dismiss (D.E. 91). For the reasons that follow, the Court GRANTS defendants' motion to reconsider (D.E. 91) and GRANTS defendants' underlying Motion to Dismiss for Failure to Exhaust Administrative Remedies (D.E. 77).

I.    Background

In July 2004 prisoner Cain filed this 42 U.S.C. § 1983 unconstitutional prison-condition suit (D.E. 1). The Prison Litigation Reform Act (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2000). In March 2006 defendants moved to dismiss arguing that plaintiff failed to exhaust administrative remedies (D.E. 77).

In June 2006 the Court entered an Order denying defendants' motion to dismiss (D.E. 89). Defendants then filed a motion asking the Court to reconsider its Order in light of a newly issued Supreme Court decision. On March 21, 2007, the Court conducted a hearing allowing the parties to argue defendants' motion to reconsider and the underlying issue of whether Cain exhausted his available administrative remedies. At the hearing, the Court found that prison officials sent a letter to Cain, which he received, informing him that his step-two grievance was improperly filed and providing instructions on how to properly file. Cain chose to ignore the letter's instructions by not properly filing his step-two grievance before initiating this suit. Therefore, the hearing resolved the fact dispute that previously existed in this case—whether prison officials received Cain's purported step-two grievance.

II.     Application of Law

The Supreme Court recently held that a prisoner must properly exhaust prison remedies before pursuing federal court litigation. *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006). Proper exhaustion requires a prisoner to "complete the prison administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to suit in federal court." *Id.* at 2384. Because Cain did not properly follow the prison's grievance procedure, he did not exhaust his administrative remedies as required by 42 U.S.C. 1997e(a).

III.    Waiver

The Fifth Circuit allows prisoners who have not exhausted their administrative remedies to raise "certain defenses such as waiver, estoppel, or equitable tolling." *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2 (5th Cir. 2001) (citing *Underwood v. Wilson*, 151 F.3d

292, 294–95 (5th Cir. 1998). Though discussed in a few cases, the Fifth Circuit has yet to apply the exhaustion defense to allow a non-exhausting prisoner to pursue his federal suit. *See Days v. Johnson*, 322 F.3d 863, 868 (5th Cir. 2003); *Wright*, 260 F.3d at 359; *Underwood*, 151 F.3d at 296; *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998). Cain argues that waiver is appropriate here to allow continuation of his federal suit despite his failure to exhaust administrative remedies. Waiver is the "intentional relinquishment of a known right." *United States v. Dodson*, 288 F.3d 153, 160 (5th Cir. 2002) (quoting *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993)). The Court finds that waiver is not applicable because no evidence exists to support the notion that defendants intentional relinquished their exhaustion argument. Instead, the Court finds defendants' failure to exhaust motion was inadvertently delayed because defendants and their counsel did not promptly exchange information contained in the myriad of documents relevant to this suit.

IV. Conclusion

Defendants' Motion to Reconsider the Court's Order Denying Defendants' Motion to Dismiss for Failure to Exhaust (D.E. 91) is GRANTED. The Court GRANTS defendant's underlying Motion to Dismiss for Failure to Exhaust Administrative Remedies (D.E. 77). Plaintiff's habeas corpus petition is DISMISSED without PREJUDICE.

The Court further ORDERS that a certificate of appealability shall NOT issue.

ORDERED this_____23_____day of _____March_____, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE